WILLIAM AMORY *vs.* WILLIAM S. LELAND & others.

A testatrix by her will created a trust fund for the use of the child or children of her son, who should be living at her decease or born afterwards, and ordered the annual income thereof to be paid to him during his life, to be applied towards their maintenance, but without his being accountable for the manner of its application; and, at his decease, the income to be paid to his then existing wife, if she should survive him, but, if not, the principal to be paid to and distributed among his issue, they if more than one to share alike; and she provided that if all his children should die in his lifetime, then, after the death of the last of them, the income should be paid to him during life, or until he should have another child or other children, and then, upon the birth of such other child or children, he should receive the income for the use of such after-born child or children " in the same

manner and for the same purpose as if the children he now has had conti 1ued in life.'·
At the time of making the will and of the death of the testatrix, her son had a wife and
five children. The wife and four of the children afterwards died. The son married
again, and died, leaving one child by his first marriage and three children by his second.
*Held*, 1st, that it was the intention of the testatrix to make the same provision for each of
her son's children, including those by the second marriage; 2dly, that the fund did not
vest in the children, so that it would go to their representatives in case they did not sur-
vive their father; and 3dly, that the whole income should be devoted to the maintenance
of the children in being when it accrued, and any part thereof not so applied would be-
long to those for whose use it was received at the time it accrued.

BILL IN EQUITY in the nature of a bill of interpleader, brought
by the trustee under the will of Hannah R. Amory, late of Bos-
ton, deceased, seeking instructions as to the disposition of the
trust fund.   The questions arose upon the following clauses of
the will:

" It is my will that another trust fund of eight thousand dol-
lars be created, held and managed by the trustee or trustees
under this will for the time being, for the use of the child or
children of my son, Thomas C. Amory, who shall be living at
my decease or born afterwards ; and during his life I order the
annual income and produce of this sum to be paid into my said
son's proper hands, to be by him applied for and towards the
maintenance and education of his children, but without his
being in any way accountable for the manner of its application
or the disposition made thereof.

"At the decease of my said son, the income of this trust fund
shall be paid to his widow, if his present wife survive him, dur
ing her widowhood.   And at the decease of my son, if his pres-
ent wife does not survive him, otherwise at the decease or inter-
marriage of his widow, the said principal sum of eight thousand
dollars shall be paid to and distributed among the issue of my
said son, they, if more than one, to share and share alike :  Pro-
vided, however, that in case all the children of my said son shall
die in his lifetime, then, at and after the death of the last of his
children, the income of said trust fund shall be paid into the
proper hand of my said son, for his own use during life, or until
he shall have another child or other children ; and at and upon
the birth of such other child or other children, then my said son
shall receive said income for the use of such after-born child, or

children if more than one, in the same manner and for the same purpose as if the children he now has had continued in life.

" As to all the residue and remainder of my estate, real, personal and mixed, it is my will that the same be divided into equal parts, as many as I have children survive me, at its value in money, and that each part shall form a separate and distinct trust fund for the benefit of my children respectively, their respective husbands, or wives, or issue, as is hereinafter provided, that is to say:

" I give the income and produce of one of said parts of my estate to the child or children of my son Thomas C. Amory, for their use and benefit; and direct that during their father's life the same shall be paid into his proper hands, to be applied according to his discretion, for their maintenance and education, without being accountable for the disposition made thereof. And if his present wife survives him, then the income of this part shall be paid to her during her widowhood, in like manner. And at the decease of my said son, if his wife does not survive him, or at the marriage of his widow, if she does survive him, it is my will that the principal sum shall be paid to his child or children, if he leaves any; otherwise the principal sum, or trust fund, shall be distributed among my heirs at law.

" Provided, however, that in case all the children of my said son shall die in his lifetime, then, at and after the death of the last of his children, the income of said trust fund shall be paid into the proper hands of my said son, for his own use during life, or until he shall have another child or other children, and at and upon the birth of such other child or children, then my said son shall receive said income for the use of such after-born child or children, if more than one, in the same manner and for the same purpose as if the children he now has had continued in life."

The following facts appeared by the bill, answers and facts agreed:

At the time when the will was made, in February 1840, and at the death of the testatrix, in December 1845, Thomas C. Amory had a wife and five children living. The wife was forty-two

years of age and his youngest child five years of age when the will was made. Four of the children, all sons, of Thomas C. Amory died, after becoming of age, at various times from 1848 to 1862; all unmarried, and two of them intestate. His wife also died in 1847; and in 1857 he married again, and died in 1865, leaving three children by his second marriage, and one daughter by his first marriage, now the wife of Ivers J. Austin. William S. Leland was appointed guardian of the children by the second marriage. Thomas C. Amory, after the death of his four sons, received income from both the funds which was not applied to the use of his surviving child.

The case was reserved by *Gray*, J., for the determination of the whole court.

*C. B. Goodrich & I. J. Austin*, for Mrs. Austin.

*E. D. Sohier, C. A. Welch & W. S. Leland*, for the three minor children.

*T. A. Dexter & S. G. Rogers*, executors of the will of Thomas C. Amory, for themselves.

HOAR, J. We have given a full and careful consideration to the ingenious, able and thorough arguments which have been presented to us by the learned counsel in this cause, and have examined, so far as it was necessary, the authorities cited. But we do not think a review of the cases necessary or useful, as the decision of the questions in issue must depend upon the intention of the testatrix, ascertained from the language of her will, which is peculiar and expresses her wishes with reasonable clearness.

1. And. in the first place, we are all of opinion that it was the intention of the testatrix to make the same provision for each of the children of her son Thomas C. Amory, and not to prefer those who were living at the date of the will, or at the time of her death. It is expressly directed that the fund of $8000 " be created, held and managed " " for the use of the child or children of my son, Thomas C. Amory, who shall be living at my de cease or born afterwards." The principal is to be paid to and distributed among the issue of her son at his decease, if his present wife does not survive him ; otherwise, at the decease o

intermarriage of his widow, "they, if more than one, to share and share alike." The implication is plain that if at that time there shall be but one, that one should take the whole.

The disposition of the income, though not strictly corresponding to that of the principal, conforms to the same intention. The father is to have no benefit or advantage from it while he has any children. The whole is to be used for the maintenance and education of such children as are in being from time to time as it accrues. The last clause in the proviso, that upon the event of the death of all the children in the son's lifetime, and the subsequent birth of others, the income shall go to the use of the after-born children " in the same manner and for the same purpose as if the children he now has had continued in life," to which the counsel for Mrs. Austin attaches so much importance, does not seem to us to have the effect which he gives to it. If the design were to provide exclusively for the children in being at the date of the will, so long as any of them should survive, the literal meaning of this phrase would be absurd, because, upon that supposition, " if the children he now has had continued in life," the after-born children would take nothing. Its obvious intent is merely to provide that the " purpose " shall be the maintenance and education of the after-born children, and the " manner " without any liability to account for its application.

The disposition of the fund created from the residue is to be made in the same manner. With a slight change of phraseology, the substantial directions are the same, both as to principal and income. The fund is created for the benefit of the child of the testatrix, his wife, or issue, as thereinafter provided. The income is given to her son's child or children ; the principal to be paid, at his decease, if his wife does not survive him, to his child or children if he leaves any, otherwise to the heirs at law of the testatrix. The language as to the son's enjoyment of the income in case of the death of all his children, until other children shall be born to him, and the transfer of the income upon the happening of that event is identical with that of the proviso elating to the other fund.

2. Secondly, we think it perfectly clear that it was not the intention of the testatrix that either fund should vest in the children so that it would go to their representatives in case they did not survive their father. Whether considered as a bequest to them jointly, with provision for the enlargement of the number of legatees as other children should be born, or as a gift to a class, to be ascertained at the period of distribution, it would be good as an executory legacy, and can be carried into effect without a violation of the rules of law. In either case, it was her will that the whole income should be devoted to the maintenance and education of the children in being when it accrued, and the whole principal be paid or distributed to the child or children living at the time when the payment or distribution should take place.

3. It follows, that any part of the income received by the father, and not applied by him to the maintenance or education of any of his children, will belong and should be paid to those for whose use he received it at the time it accrued.

The costs of all the parties to the litigation will be allowed and paid from the fund.        . *Decree accordingly.*